**IN THE U.S. DISTRICT COURT OF MARYLAND**
**FOR DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **Carla Manna, et al.** | * | |
| **Plaintiffs** | * | |
| **v.** | * | **Case No. 13-cv-721 (CCB)** |
| **Johnny's Pizza, Inc., et al.** | * | **JURY TRIAL DEMAND** |
| **Defendants** | * | |

_____/

## DEFENDANTS' ANSWER

Defendants, Johnny's Pizza, Inc. and Mr. John Hofman ("Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 8, file this Answer to Plaintiffs' Class Action and Representative Action Civil Complaint for Equitable And Monetary Relief ("Complaint"), and states as follows:

The first unnumbered paragraph is a preliminary statement. Defendants deny that they are individually and/or jointly liable to the Plaintiffs or anyone else under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and Maryland's Wage and Hour Law, Md. Ann. Code LE art. § 3-401, et seq.

### Specific Admissions or Denials

### (Introduction)

1.      The first numbered paragraph is a preliminary statement. Defendants deny that they are individually and/or jointly liable to the Plaintiffs or anyone else under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and Maryland's Wage and Hour Law (MWHL), Md. Ann. Code LE art. § 3-401, et seq. Defendants deny that this case is remains an active case or controversy. Defendants further deny that Plaintiffs have a jurisdictional basis to bring a

Fed.R.Civ.P. 23(b)(3) claim in this Court.  Finally, Defendants deny that 29 U.S.C. § 207, the section of the FLSA cited by the Plaintiffs, provides any right of the Plaintiffs to bring any representative action under the FLSA on behalf of themselves or others allegedly similarly situated.

2.      With respect to paragraph 2 of Plaintiffs' Complaint, Defendants admit that this case appears to rest upon a theory that Defendants' *allegedly* maintained an invalid tip pool, but deny that any pay, wage, or tip policy or practice violated the FLSA or MWHL.  All other contentions not admitted are denied.

3.      Denied.

4.      Denied.

(<strong>Jurisdiction and Venue</strong>)

5.      Denied.  There is no subject matter jurisdiction in this case, as Plaintiffs have all been offered full relief pursuant to Fed.R.Civ.P. 68 prior to the filing of this Answer.  Plaintiffs fail to allege any basis for jurisdiction of the MWHL claim; nevertheless, to the extent that such a jurisdictional allegation can be found elsewhere in the Complaint or inferred from the Complaint, the Defendants deny the existence of jurisdiction as to the MWHL claim.

6.      It is admitted that Defendants conduct business in Ocean City, Maryland, where they maintain a small pizza restaurant highly dependent on seasonal sales.  As the case is not an active case or controversy, and must be dismissed as a result, Plaintiffs deny the existence of venue.

**(Parties)**

7.      Defendants are presently without information to admit or deny the allegation that Plaintiff Carla Manna is domiciled in the State of Maryland and is a resident of the County of Worchester.

8.      Defendants are presently without information to admit or deny the allegation that Plaintiff Bryan McMillan is domiciled in the State of Maryland and is a resident of the County of Worchester.

9.      Defendants are presently without information to admit or deny the allegation that Plaintiff Richard Lawrence is domiciled in the State of Maryland and is a resident of the County of Worchester.

10.     Admitted.

11.     Admitted.

12.     Denied.

13.     Admitted.

14.     Defendant Johnny's Pizza, Inc. admits that it employed Plaintiffs and Defendant John Hofman denies being the Plaintiffs' employer.  Defendants deny that they employed similarly situated persons.  Defendants further deny the use of the listed job titles in paragraph 14. Defendants deny all other allegations not specifically admitted herein.

15.     Defendant Johnny's Pizza, Inc. employed Manna through July 2010 into August 2012. Defendants deny all other allegations, including any allegation that Defendant John Hofman employed Plaintiff Manna.

16.     Defendants are without information to admit or deny whether Plaintiff Manna actually signed the consent form set forth as Exhibit 1, or that Plaintiff Manna presently desires to remain a Plaintiff in this case.

17.     Defendant Johnny's Pizza, Inc. employed McMillan through July 2011 into early August 2012 (but not August 5, 2012 as pled).  Defendants deny all other allegations, including any allegation that Defendant John Hofman employed Plaintiff McMillan.

18.     Defendants are without information to admit or deny whether Plaintiff McMillan actually signed the consent form set forth as Exhibit 2, or that Plaintiff McMillan presently desires to remain a Plaintiff in this case.

19.     Admitted that Defendant Johnny's Pizza, Inc. employed Plaintiff Lawrence for the period of time pled in paragraph 19 of the Complaint, except as to the allegation that Plaintiff Lawrence was employed as a "service bartender," or that Plaintiff Lawrence was employed by Defendant John Hofman.

20.     Defendants are without information to admit or deny whether Plaintiff Lawrence actually signed the consent form set forth as Exhibit 1, or that Plaintiff Lawrence presently desires to remain a Plaintiff in this case.

21.     This is a legal allegation to which no response is required.  To the extent a response is required, Defendants deny the averments set forth therein.

22.     This is a legal allegation to which no response is required.  To the extent a response is required, Defendants deny the averments set forth therein.

23.     Denied.

24.     Denied.

25.     Denied that Defendants kept any of the tips of its employees.   Admitted it posted no sign of something that it did not happen as a matter of fact.

26.     This is a legal allegation to which no response is required.   To the extent a response is required, Defendants deny the averments set forth therein and further state that there are no requirements to inform employees of anything under "19 U.S.C. § 203(m)."

27.     Denied.

28.     Paragraph 28 is a statement setting forth a definition of a putative class of individuals allegedly eligible to participate in this moot case.   To the extent that a response is required, Defendants deny the averments set forth therein.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     To the extent a response is required as to what Plaintiffs intend to do as a matter of fact, Defendants deny the averments set forth therein.

36.     Denied.

37.     Denied.

**(Named Plaintiffs' Allegations)**

38.     Denied.   Plaintiff Manna performed work similar to that of a head bartender.   There is no such job as "service bartender."   All other allegations not otherwise admitted are denied.

39.     Admitted that Defendant Johnny's Pizza, Inc. paid Plaintiff Manna the amounts alleged. All other allegations not otherwise admitted are denied.

40.     Denied.

41.     Denied.  Plaintiff McMillan performed work similar to that of a head bartender.  There is no such job as "service bartender."  All other allegations not otherwise admitted are denied.

42.     Admitted that Defendant Johnny's Pizza, Inc. paid Plaintiff McMillan the amounts alleged.  All other allegations not otherwise admitted are denied.

43.     Denied.

44.     Denied.  Plaintiff Lawrence performed work similar to that of a head bartender.  There is no such job as "service bartender."  All other allegations not otherwise admitted are denied.

45.     Admitted that Defendant Johnny's Pizza, Inc. paid Plaintiff McMillan the amounts alleged.  All other allegations not otherwise admitted are denied.

46.     Denied.

### (Class Action Allegations)

47.     Paragraph 47 is a preliminary statement.  Defendants deny that they are individually and/or jointly liable to the Plaintiffs or anyone else under Maryland's Wage and Hour Law, Md. Ann. Code LE art. § 3-401, et seq.  All other allegations not otherwise admitted are denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

        a.      Defendants deny that the question set forth in paragraph 51(a) is suitable for class action status, and further deny any liability as suggested.

b.      Defendants deny that the question set forth in paragraph 51(b) is suitable for class action status, and further deny any liability as suggested.

c.      Defendants deny that the question set forth in paragraph 51(c) is suitable for class action status, and further deny any liability as suggested.

52.     Defendants deny each and every allegation set forth in paragraph 52, including each subpart listed therein.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Admitted that no litigation has been filed against the Defendants involving any allegation of unlawful compensation practices.

61.     Denied.

62.     Denied.

**(Count I – MWHL Class Action)**

63.     With respect to paragraph 63 of Plaintiffs' Complaint, the entire paragraph represents a legal contention.  As such, the Defendants are not required to admit or deny the averments set forth therein.  To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

64.     With respect to paragraph 64 of Plaintiff's Complaint, the entire paragraph represents a legal contention.  As such, the Defendants are not required to admit or deny the averments set forth therein.  To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

65.     With respect to paragraph 65 of Plaintiff's Complaint, the entire paragraph represents a legal contention.  As such, the Defendants are not required to admit or deny the averments set forth therein.  To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

66.     With respect to paragraph 66 of Plaintiff's Complaint, the entire paragraph represents a legal contention.  As such, the Defendants are not required to admit or deny the averments set forth therein.  To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

67.     With respect to paragraph 67 of Plaintiff's Complaint, the entire paragraph represents a legal contention and/or prayer for damages.  As such, the Defendants are not required to admit or deny the averments set forth therein.  To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

**(Count II – FLSA Class Action)**

68.     With respect to paragraph 68 of Plaintiff's Complaint, the entire paragraph represents a legal contention.  As such, the Defendants are not required to admit or deny the averments set forth therein.  To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

69.     With respect to paragraph 69 of Plaintiff's Complaint, the entire paragraph represents a legal contention.  As such, the Defendants are not required to admit or deny the averments set

forth therein.   To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

70.      With respect to paragraph 70 of Plaintiff's Complaint, the entire paragraph represents a legal contention.   As such, the Defendants are not required to admit or deny the averments set forth therein.   To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

71.      With respect to paragraph 71 of Plaintiff's Complaint, the entire paragraph represents a legal contention.   As such, the Defendants are not required to admit or deny the averments set forth therein.   To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

72.      With respect to paragraph 72 of Plaintiff's Complaint, the entire paragraph represents a legal contention.   As such, the Defendants are not required to admit or deny the averments set forth therein.   To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

73.      With respect to paragraph 73 of Plaintiff's Complaint, the entire paragraph represents a legal contention.   As such, the Defendants are not required to admit or deny the averments set forth therein.   To the extent a response is required, Defendants deny the averments set forth therein, and deny any inference of liability.

**(Prayer for Relief)**

With respect to the subsequent un-numbered paragraph beginning "WHEREFORE," requesting relief in paragraphs A-I, these paragraphs represent prayers for damages, some of which are not even available to the Plaintiffs as a matter of law.   As a prayer, no response is required.   To the extent a response is required, Defendants deny the relief requested.

## **Affirmative Defenses**

Mootness – Plaintiffs Have Been Offered Full Relief
And Judgment Pursuant to Fed.R.Civ.P. 68

Some or All of The Plaintiffs' Lack Standing

Some or All of the Claims Are Barred By The Statute of Limitations

Defendants Have a Good Faith Defense To The Imposition of Any Liquidated Damages Under
the FLSA

Lack of Statutory Coverage

None of Defendants' Actions Were Willful Or Intentional

Failure to State A Claim Upon Which Relief May Be Granted

## **Other Defenses**

Defendants Complied With the Provisions of 29 U.S.C. § 203(m)

Defendants Acted At All Times With Good Faith

Lack of Knowledge

If Plaintiffs' Allegations Are True,
The Measure Of Damages Is Not As Plaintiffs Allege

If the Defendants Did Not Satisfy The Requirements Of 29 U.S.C. § 203(m)
Under Applicable U.S. Department of Labor Regulations
or Wage/Hour Opinions, Those Regulations and/or
Opinions Are Not Entitled to Judicial Deference

Plaintiffs Are Not Similarly Situated For Purposes
of Class/Collective Action Status

Plaintiffs Are Required to Arbitrate
Their Employment Related Claims

This Class/Collective Action
Has Been Assembled Improperly

Individual Defendant Mr. John Hofman
Did Not Exercise The Requisite Control Over The Employment
Practices To Render Him Individually Liable

Defendants further submit that any allegation of Plaintiff's Complaint that has not been expressly admitted herein above, is denied.

Defendants reserve the right to right to rely on other defenses as the evidence may warrant and/or as amendments to Plaintiffs' Complaint are allowed to be filed.

**WHEREFORE**, the Complaint having been fully answered, the Defendants respectfully request that this Court enter judgment in its favor, with costs to be paid by the Plaintiff.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Attorney at Law
Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)

**Jury Demand**

The Defendants, by their undersigned attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day of 12th day of April, 2013, a copy of the foregoing Defendants' Answer, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.


<u>*/s/ Howard B. Hoffman*</u>
Howard B. Hoffman